Nadia RHODES, Plaintiff–Appellant,

v.

ROUSE'S ENTERPRISES, L.L.C., Defendant–Appellee.

No. 04–30957.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided May 9, 2005.

93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Finally, there was no causal connection between Rhodes' termination and her filing of a worker's compensation claim. AFFIRMED.

Romaine L. White, Law Office of Romaine L. White, Houma, LA, for Plaintiff–Appellant.

Charles H. Hollis, The Kullman Firm, New Orleans, LA, Defendant–Appellee.

Before REAVLEY, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM: [*]

The district court did not err in granting Rouse's Enterprises' motion for summary judgment, as Rhodes failed to raise an issue of material fact. Rhodes admits and the record is clear that at the time of her injury, Rhodes was not eligible for a leave of absence because she had not been with the company for six months. Rhodes also admits that she was physically unable to perform her job, whether due to her pregnancy or her on-the-job injury. The discrepancy in the record as to what date Rhodes was actually terminated is not material to Rhode's discrimination or retaliation claims. Rhodes failed to establish a prima facie case of discrimination because she did not identify a nonpregnant employee who was granted leave under similar circumstances. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802,

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.